IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


GREGORY GREENLEE,

                Plaintiff,

v.                                             CIV. No. 97-1609 JP/LCS

CITY OF EUNICE POLICE DEPARTMENT,
MAYOR E. T. PERCY, CITY OF EUNICE
CITY COUNCIL, and its Entities,

                Defendants.


## MEMORANDUM OPINION AND ORDER

The subject of this Order is "Defendants' Motion to Dismiss" [Doc. No. 7], filed March 10, 1998.  The motion was filed without response or reply after plaintiff failed to respond in a timely fashion under Local Rule 7.6(a).  On March 17, 1998 plaintiff filed a motion for extension of time to respond to Defendants' Motion to Dismiss.  On March 23, 1998 Magistrate Judge Smith entered an Order requiring plaintiff to file his response by March 27, 1998.  However, plaintiff's response was not filed until March 31, 1998.

In considering a motion to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).  A complaint may be dismissed only if it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." Swanson v. Bixler, 750 F.2d at 813.

Plaintiff's Complaint appears to assert various claims: discrimination in violation of Title VII of the Civil Rights Act of 1964; constructive discharge; supervisory liability; and negligent supervision.  However, plaintiff's Complaint alleges no facts in support of any of his claims.  For example, the Complaint states that:

> [D]uring the employment of the Plaintiff by the Defendant Police employees of the Defendant Police openly engaged in acts, conduct, and behavior amounting to the unlawful ethnic discrimination of the said Plaintiff, and said acts, conduct and behavior were to annoy, threaten, and harass the Plaintiff, for the purpose of coercing or inducing the Plaintiff to resign from employment with the Defendant Police.

Complaint, ¶6.  Plaintiff makes similarly conclusory statements in support of each of his claims. In the absence of any well-plead facts, such conclusory allegations cannot support plaintiff's Complaint in the face of a motion to dismiss.  Swanson v. Bixler, 750 F.2d at 813.

In addition, plaintiff's Complaint fails to establish a prima facie case for each of his claims against defendants, omitting to plead facts in support of each element of every claim.

Finally, plaintiff failed to respond to the Motion by March 27, 1998 as required by the Order entered March 23, 1998.

For all these reasons, defendants' motion should be granted and plaintiff's Complaint should be dismissed without prejudice.

Therefore, it is ORDERED that "Defendants' Motion to Dismiss" [Doc. No. 7] is GRANTED and plaintiff's Complaint is dismissed without prejudice.

UNITED STATES DISTRICT JUDGE

2